**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| Robert Carr, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00709-ALM-KPJ |
| | § | |
| Pinnacle Frac Transport LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT

Pursuant to this Court's Order of June 26, 2025 (ECF No. 41), Plaintiffs file this Amended Motion for Default Judgment as to defaulted Defendant, Pinnacle Frac Transport LLC ("Pinnacle"). Through this Amended Motion, Plaintiffs seek entry of Plaintiff Robert Carr, Plaintiff Steven Smith, Plaintiff Robert Darnell, and Plaintiff Eric Powell[1]'s backpay, liquidated damages and reasonable and necessary attorneys' fees and costs due to Defendant Pinnacle's failure to appear in this federal Fair Labor Standards Act ("FLSA") lawsuit. Plaintiffs respectfully submit to the Court as follows:

### I.      SERVICE IS COMPLETE

Plaintiff Robert Carr filed this lawsuit seeking, among other things, back overtime pay under the FLSA against Defendant Pinnacle Frac Transport LLC ("Pinnacle") on August 7, 2023. (ECF No. 1.) Plaintiff served Defendant on August 14, 2023. (ECF No. 5.)

---

[1]   This is still not all Plaintiffs named in this action, however Plaintiffs' counsel does not anticipate receiving declarations from Billy Bates or Carolyn Sims at this stage, given the numerous efforts to reach these Plaintiffs by Plaintiffs' counsel. If the Court prefers, Plaintiffs' counsel will formally seek to withdraw as to those two Plaintiffs.

On May 12, 2025, this Court granted defense counsel's request to withdraw from representation of Defendant. (ECF No. 35.) Defendant has not hired substitute counsel. Entities may not represent themselves before federal courts. *See Smooth MultiServs. Platform v. United States*, No. 4:24-CV-00374-ALM-BD, 2024 WL 5319705, at *1 (E.D. Tex. Oct. 1, 2024) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993)).

Accordingly, Defendant stands in default and Plaintiffs seek default judgment against Defendant Pinnacle.

## II.    FACTUAL BACKGROUND

Plaintiffs worked for Pinnacle as sand coordinators during the three years prior to the filing of the lawsuit. (Exs. A, B, D, E, Plaintiff Decls., ¶ 1.) Defendant did not pay Plaintiffs overtime premium pay for their substantial hours of work (generally 84 hours per week) because Defendant misclassified them as independent contractors. (*Id.*, ¶¶ 3,9.)

Pinnacle set Plaintiffs' hours of work and provided them with full-time employment (*Id.*, ¶ 4.) Pinnacle's employees told Plaintiffs how and when to do his job. (*Id.*) Plaintiffs could not hire their own employees to assist in their duties. (*Id.*) They did not exert control over or make a material investment in a business so as to be considered separate economic entities apart from Pinnacle. (*Id.*, ¶¶ 5, 6.) Rather, they were simply a part of Pinnacle's workforce, performing the services that were the backbone of Defendant's revenue stream. (*Id.*, ¶ 5.)

Similarly, Plaintiffs did not exercise special skills to obtain new work or better rates, or make decisions on advertising, marketing, pricing, or business operations. (*Id.*, ¶ 8.) They were at all times economically dependent on Pinnacle. (*Id.*, ¶ 7.) They did not have the opportunity for profit or loss, but rather simply gained more money the more days they worked. (*Id.*)

While not required by the law, Plaintiffs maintained records of the hours they worked for Defendant on a weekly basis and have fairly estimated their weekly overtime hours worked based on those records. (*Id.*, ¶ 9.) Given Plaintiffs' calculations, Plaintiffs have established their entitlement to back overtime pay in the joint amount of $109,212.06, as well as liquidated damages in an equal amount, and reasonable attorneys' fees and costs.

### III.    ARGUMENT AND AUTHORITY

**A.    Legal Standard for Default Judgment**

In making a determination whether to grant a motion for default judgment, courts take all facts presented by the non-defaulting party as true, except for those pertaining to the amount of damages. *See* Fed. R. Civ. P. 55; *U.S. v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

However, where an amount claimed is "a liquidated sum or one capable of mathematical calculation," a court may enter judgment without holding a hearing on the extent of damages. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). This is particularly true in FLSA cases where damages calculations are to be made by a court as a matter of law and where, as discussed further below, hours worked and rates of pay may be based on a plaintiff's estimation and recollection. *See, e.g.*, *McIntyre v. Collin Bryan Constr. LLC*, No. 3:22-cv-1267-K, 2023 WL 3259754, at *6 (N.D. Tex. Apr. 19, 2023). An FLSA plaintiff meets his burden of proof by relying on his own recollection which "enjoys a presumption of accuracy in the absence of available formal records." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1046).

A court's entry of default judgment is reviewed for abuse of discretion. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 495 (5th Cir. 2015).

**B.    Plaintiffs' Pleadings and Declarations Establish Their *Prima Facie* Case.**

To prevail on a claim for unpaid overtime damages under the FLSA, a plaintiff must establish:

> (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer engaged in activities within the coverage of the FLSA; (4) that the employer violated the FLSA overtime wage requirements; and (5) the amount of overtime compensation due.

*Johnson v. Heckman Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Here, Plaintiffs have established by Defendant's default that they and Defendant were covered by the FLSA. (*See* ECF No. 21-1, ¶¶ 30-35, 51-53.) Plaintiffs have also established that Defendant did not pay overtime wages to Plaintiffs when they worked over forty hours in a workweek. (ECF No. 21-1, ¶¶ 42, 60, 62; Exs. A, B, D, E Plaintiff Decls. ¶¶ 7, 9.). However, at issue in this case was whether Plaintiffs were Defendant's employees due to Defendant's misclassification of them as independent contractors. Plaintiff's pleadings and the attached declarations make the requisite showing of misclassification such that Defendant should be liable for its failure to pay overtime pay to Plaintiffs.

Courts in this Circuit consider a multi-factor test to determine whether a plaintiff is an employee or independent contractor as a matter of economic reality:

> (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.

*Hobbs v. Petroplex Pipe & Constr., Inc.*, 946 F.3d 824, 829 (5th Cir. 2020). No single factor is determinative. *Id.*

In the pleadings and declarations, Plaintiffs establish that, as a matter of economic reality, they were Defendant's employees. First, Defendant set Plaintiffs' schedules and they were

supervised by a managerial employee of Defendant, J.D. Reedy. (Exs. A, B, D, E, Plaintiff Decls., ¶ 4.) Plaintiffs were not permitted to refuse work without receiving discipline and were not able to hire their own employees to help perform their job duties. (*Id.*) Second, Plaintiffs did not have an opportunity for profit or loss but could only gain more money by working more days at a constant rate. (*Id.*, ¶ 7.) Third, Plaintiffs did not make a material investment in a business such that they stood apart from Defendant, but rather they were simply a part of Defendant's workforce. (*Id.* at ¶¶ 6.) Fourth, Plaintiffs worked for Defendant exclusively for an indefinite period, often lasting approximately well over a full year. (*Id.*, ¶ 1.) Plaintiffs worked so many hours for Defendant, they did not have a meaningful opportunity to provide services to any other entity. (*Id.*, ¶ 7.) Finally Plaintiffs' position did not require any special skills or business initiative. (*Id.*, ¶ 8.) They could not make decisions that would influence marketing, pricing, or business operations to their benefit. (*Id.*)

Accordingly, Plaintiffs have demonstrated their entitlement to overtime compensation for all the hours they worked as non-exempt employees of Defendant.

**C.      Plaintiffs' Damages Are Calculable as a Matter of Just and Reasonable Inference.**

Any employer who violates the FLSA's overtime wage provision is liable to the affected employee for back wages in the amount of his unpaid overtime wages, liquidated damages and mandatory legal fees and costs. 29 U.S.C. § 216(b).

An employee who brings suit under the FLSA has the burden of proving that he performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946) *superseded by statute on other grounds as recognized in Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27 (2014). If an employer keeps the records required by the FLSA, including recording hours of work, rate of pay, and payments made to the employee, then the

employee may rely on those records to satisfy his burden. *Id.* However, to avoid penalizing an employee for his employer's failure to comply with the law, if those records were not kept the employee may "show the amount and extent of [] work as a matter of just and reasonable inference." *Id.*

Here, Plaintiffs retained records of their hours of work on a weekly basis. Those that did not are permitted by *Anderson* to submit their estimates, which harmonize with submitted records. The evidence is more than adequate in the face of Defendant's default to establish their hours worked generally under *Anderson*. (*See* Exs. A, B, D, E Plaintiff Decls., ¶ 9.) Given the Plaintiffs' calculations based on their records and just and reasonable estimates, they have adequately established their entitlement to back overtime pay in the amount of $109,212.06 (for Plaintiffs Carr, Smith, Darnell, and Powell).

Plaintiffs are also entitled to an award of liquidated damages in an equal amount to their back overtime wages. An employer who violates the FLSA is liable for liquidated damages in an amount equal to the overtime compensation owed to its employees, unless the employer can demonstrate that it acted in "good faith" and had "reasonable grounds" to believe that its actions complied with the FLSA. 29 U.S.C. § 260. "[An] employer faces a substantial burden of demonstrating good faith and a reasonable belief that its actions did not violate the FLSA." *Olibas v. Native Oilfield Servs., LLC*, 104 F. Supp. 3d 791, 809 (N.D. Tex. 2015), *aff'd sub nom Olibas v. Barclay*, 838 F.3d 442, 448 (5th Cir. 2016). There is a strong presumption in favor of imposing full liquidated damages under the FLSA. *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). An employer may not "rely on ignorance alone as [r]easonable grounds for believing that its actions were not in violation of the Act. [. . .] Apathetic ignorance alone is never the basis of a reasonable belief." *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). By

its absence in failing to defend this lawsuit, Phoenix admits liquidated damages are appropriate. (*See* ECF No. 21-1, ¶¶ 2, 62, 64.) Plaintiff's proposed judgment reflects an additional $109,212.06 in liquidated damages.

Finally, post-judgment interest was pleaded (ECF No. 21-1, ¶ 2, 62,64) and is appropriate in this case and included in Plaintiff's proposed judgment. *See* 28 U.S.C. § 1961(a). "[P]ost-judgment interest [pursuant to 28 U.S.C. § 1961] is permitted for damages awarded under the FLSA." *Olibas*, 104 F. Supp. 3d at 813.

**D.      Plaintiffs Are Entitled to an Award of Their Attorneys' Reasonable Fees and Costs.**

The FLSA provides for mandatory attorneys' fees to prevailing plaintiffs. *See Estate of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2023 WL 5018432, at *2 (S.D. Tex. Aug. 7, 2023) (quoting *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979)). Here, Plaintiff's counsel spent 43.8 hours in the prosecution of this action against Pinnacle at her standard rate of $425.00/hour for a total of $18,615.00. This is an imminently reasonable fee, and as demonstrated in her declaration, Plaintiff's counsel exercised significant billing judgment. (Ex. C, Arbuckle Decl.)

Finally, Plaintiffs incurred taxable costs in the amount of $640.00, including the filing fee and service costs as to Defendant. (*See* Ex. C-1, Costs.)

## IV.      CONCLUSION

Given Defendant Pinnacle's default and the relevant facts and law presented in this Amended Motion for Default Judgment, Plaintiffs respectfully request that this Court enter judgment against Defendant in the total amount of $237,679.12, with post-judgment interest to accrue at the current judgment rate. Plaintiffs request such other and further relief to which he is justly entitled.

Dated:  August 8, 2025

Respectfully submitted,

By:    s/Melinda Arbuckle
   Melinda Arbuckle
   Texas State Bar No. 24080773
   marbuckle@wageandhourfirm.com
   Ricardo J. Prieto
   Texas State Bar No. 24062947
   rprieto@wageandhourfirm.com
   **Wage and Hour Firm**
   5050 Quorum Drive, Suite 700
   Dallas, Texas 75254
   (214) 489-7653 – Telephone
   (469) 319-0317 – Facsimile

   ATTORNEYS FOR PLAINTIFF


**<u>CERTIFICATE OF SERVICE</u>**

On August 8, 2025, I filed the foregoing document with the Clerk of Court for the Eastern District of Texas using the CM/ECF method. I certify that I also served Defendant with a copy of the foregoing document by mail in compliance with Rule 5(b)(2).

   s/Melinda Arbuckle
   Melinda Arbuckle